```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
                                       :            ECF CASE
SAMUEL SHAPIRO,                        :
                                       :        06 Civ. 3773 (WCC)
                Plaintiff,             :
                                       :
      - against -                      :            OPINION
                                       :            AND ORDER
LAW OFFICES OF COHEN & SLAMOWITZ, LLP, :
                                       :
                Defendant.             :
                                       :
- - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

LAW OFFICE OF ARIEL BERSCHADSKY
**Attorneys for Plaintiff**
425 Madison Avenue, 11th Floor
New York, New York 10017

ARIEL BERSCHADSKY, ESQ.

    Of Counsel

LAW OFFICES OF COHEN & SLAMOWITZ,
  L.L.P.
**Attorneys for Defendant**
199 Crossways Park Drive
P.O. Box 9004
Woodbury, New York 11797

CHARIS M. FORD, ESQ.

    Of Counsel

Copies E-Mailed to ∏ Counsel of Record and
Mailed to △ Counsel of Record_____

**CONNER, Senior D.J.:**

Plaintiff Samuel Shapiro brings this action pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*., against defendant Law Offices of Cohen & Slamowitz, LLP.  Plaintiff alleges that defendant violated the FDCPA when it mailed to plaintiff's address a letter and summons soliciting payment of a debt owed by Shmuel Shaprio, a person unrelated to plaintiff but possessing a similar name, despite having learned through plaintiff's counsel that plaintiff was not the actual debtor.  Specifically, plaintiff contends that, in sending the aforementioned mailing, defendant: (1) engaged in false or misleading conduct in violation of 15 U.S.C. § 1692e(2) and (10);[1] and (2) contacted plaintiff directly despite having knowledge that plaintiff was represented by counsel in violation of 15 U.S.C. § 1692c(a)(2).[2]  Following the filing of defendant's Answer, which admits the factual allegations contained in plaintiff's Complaint,

---

[1] 15 U.S.C. § 1692e(2) provides:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (2) The false representation of . . . (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(10) provides:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

[2] 15 U.S.C. § 1692c(a)(2) provides, in relevant part:
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . .

plaintiff moved for judgment on the pleadings pursuant to FED. R. CIV. P 12(c).  Defendant objects, contending that the collection letter: (1) did not violate the FDCPA because, read objectively in light of the circumstances, it was not false or deceptive; and (2) although sent after plaintiff retained counsel, was mailed to Shaprio, rather than plaintiff, and therefore did not violate § 1692c(a)(2).  For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

The following relevant facts are undisputed by the parties.  Defendant, a debt collector within the meaning of the FDCPA,[3] filed suit against Shmuel Shaprio in New York State Supreme Court, Rockland County, on December 6, 2005 in an attempt to collect a debt owed to its client, Colorado Capital Investments, Inc.  (Complt. ¶ 9.) The action listed as Shmuel Shaprio's address 4 Joan Lane, Monsey, New York 10952, which is plaintiff's home address.  (*Id.*., Exs. A, E.) The summons was mistakenly served on plaintiff in early 2006.  (*Id.* ¶ 10.) On March 16, 2006, defendant sent plaintiff a letter requesting payment of the debt, as well as indicating the original and current creditors.  (*Id.* ¶ 9.) Upon reading the letter, plaintiff's wife contacted defendant by telephone in an attempt to explain that a misunderstanding had occurred, as plaintiff did not owe the debt in question.  (*Id.* ¶ 14.) Her efforts, however, were unsuccessful, and plaintiff was forced to retain counsel in order to resolve the matter.  (*Id.* ¶ 15.)

Plaintiff's counsel, by letter and facsimile dated March 29, 2006, again informed defendant of the misunderstanding and instructed defendant to cease communication with plaintiff.  (*Id.* ¶¶ 15-

---

[3] Pursuant to 15 U.S.C. § 1692a(6), a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

2

18.) During conversations with defendant's agent, plaintiff's counsel instructed defendant to either

discontinue the state court action or correct the address listed for the defendant, Shmuel Shaprio.

(*Id.*, Ex. C.) The following day, plaintiff's counsel contacted defendant by telephone and again

informed it that plaintiff was not the obligor on the debt that defendant was attempting to collect.

(*Id.* ¶¶ 16-19.) During this conversation, it became clear that plaintiff's social security number

differed from that of the actual debtor, Shmuel Shaprio, and defendant's representative stated that

all efforts to collect the debt would cease immediately.  (*Id.* ¶¶ 17-18.) Plaintiff's counsel sent

defendant a facsimile memorializing the conversation.  (*Id.* ¶ 19.) Nevertheless, on April 11, 2006,

defendant mailed to 4 Joan Lane a second collection letter and an additional copy of the summons,

both of which were addressed to Shmuel Shaprio.  (*Id.* ¶¶ 19-21.)  This litigation ensued.


**DISCUSSION**

**I.    Legal Standard**

        In ruling on a motion under FED. R. CIV. P. 12(c), the Court employs the standard applicable

to a motion made pursuant to FED. R. CIV. P. 12(b)(6). *See Ad-Hoc Comm. of Baruch Black &*

*Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir. 1987). "Accepting

the non-moving party's allegations as true and viewing the facts in the light most favorable to that

party, judgment on the pleadings or dismissal for failure to state a claim should be granted if the

moving party is entitled to judgment as a matter of law."  *Richards v. Select Ins. Co.*, 40 F. Supp. 2d

163, 165 (S.D.N.Y. 1999) (internal quotation marks omitted).

II.      **Whether Defendant's Actions Violated the FDCPA**

The FDCPA was created in an attempt to stop abusive and deceptive practices by third-party debt collectors and to insure that those who refrain from such practices are not competitively disadvantaged. *See* 15 U.S.C. § 1692(e). It incorporates congressional findings that debt collection abuses, including late night phone calls, the use of profane language and threats of violence, are widespread and pervasive. *Id.* § 1696; *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996). The FDCPA expressly prohibits certain practices deemed to be particularly egregious, including the three aforementioned activities. *See* 15 U.S.C. §§ 1692d(1)-(6). It also contains a "catch-all" provision prohibiting any debt collection practice that is "false, deceptive, or misleading." 15 U.S.C. § 1692e(10); *see also Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993) ("[T]he use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e–regardless of whether the representation in question violates a particular subsection of that provision.").

When evaluating the deceptiveness of collection material, we must consider how it would be perceived by the "least sophisticated consumer." *Clomon*, 988 F.2d at 1318 ("The most widely accepted test for determining whether a collection letter violates § 1692e is an objective standard based on the 'least sophisticated consumer.'"). Generally, collection notices that are found to be deceptive contain confusing or contradictory language about the consumer's rights. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (*quoting Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)). Notices that fail to include certain statutorily-mandated consumer protection provisions are also prohibited. *DeSantis v. Computer Credit*, *Inc.*, 269 F.3d 159, 161 (2d Cir. 2001); *see also* 15 U.S.C. § 1692g(a)(4) (requiring debt collector to "send the consumer a written notice containing . . . a statement that if the consumer notifies the debt collector in writing within [thirty

4

days after receipt of the notice] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.").

Of course, courts must balance the need to protect consumers against the need to shelter debt collectors "against liability for unreasonable misinterpretations of collection notices." *Clomon*, 988 F.2d at 1319.   Accordingly, the FDCPA "does not extend to every bizarre or idiosyncratic interpretation" of a collection notice.   *Id.* (internal quotation marks omitted; citations omitted).   For example, notices where the pertinent information is on the rear, as opposed to the front side, of a collection letter do not violate the FDCPA.   *See McStay v. I.C. Sys., Inc.,* 308 F.3d 188, 190 (2d Cir. 2002).   The standard presumes the consumer at least "possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon*, 988 F.2d at 1319.

We begin with plaintiff's claims pursuant to 15 U.S.C. § 1692e(2) and (10), namely that defendant violated the FDCPA by using false or deceptive representations in the collection of a debt. *See supra*, n.1.   Under the circumstances, we are unwilling to conclude, as a matter of law, that defendant's misaddressing of the collection letters constituted false or deceptive conduct.   Indeed plaintiff does not argue that the first letter was deceptive.   The pleadings indicate that the sending of the initial letter to plaintiff was the result of a clerical mistake on the part of defendant, which believed, and apparently still believes, that Shaprio resides at 4 Joan Lane.   As the FDCPA's verification procedures demonstrate, *see* 15 U.S.C. § 1692g(a)(4) ("[I]f the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . . ."), "[t]he statute wisely anticipates that not all debts can or will be verified.  After all, in the real world, creditors and debt collectors make mistakes, and sometimes initiate collection activities against persons who do not owe a debt." *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997).

Following plaintiff's prompt recognition that the letter was erroneously sent to him, he notified defendant, which unequivocally informed plaintiff that Shaprio was the actual debtor. Taking into account plaintiff and his counsel's extensive correspondence with defendant, we conclude that a genuine issue of fact remains regarding the deceptiveness of the April 11, 2006 letter. In light of defendant's explicit assurance to plaintiff's counsel that plaintiff was not the actual debtor, it appears doubtful that even the least sophisticated consumer would regard the April 11, 2006 letter as anything more than another erroneous mailing.

Even assuming, *arguendo*, that the letter at issue was false or misleading in violation of the FDCPA, factual issues remain with respect to whether the alleged violation was the result of a bona fide error.  Debt collectors are shielded from liability for violations resulting from bona fide errors pursuant to 15 U.S.C. § 1692k(c), which provides: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error."  Specifically, defendant contends that, prior to sending the April 11, 2006 letter, it verified Shaprio's address through the United States Post Office (*see* Def. Mem. Opp. Mot. J. Pldgs., Ex. A), which informed it that he

resided at plaintiff's address.[4]  What other procedures, if any, it utilized to ascertain Shaprio's correct address remain to be discovered, but, construing the pleadings in a light most favorable to defendant, we cannot conclude that it is ineligible for protection under the bona fide error provision.

We next address plaintiff's claim pursuant to 15 U.S.C. § 1692c(a)(2), that the defendant improperly contacted plaintiff despite knowing that he was represented by counsel.  The plain language of the FDCPA clearly states that a debt collector may have no contact *whatsoever* with a consumer once it becomes aware that he is represented by counsel.  *See* 15 U.S.C. § 1692c(a)(2) ("[A] debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . .").  Clearly, by contacting plaintiff by mail on April 11, 2006, defendant violated this provision.

The fact that the April 11, 2006 letter was addressed to Shaprio and not plaintiff, is inconsequential.  Pursuant to 15 U.S.C. § 1692a(3), "[t]he term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."  Although defendant ultimately came to understand that plaintiff was not the actual debtor, it is undisputed that, at least initially, defendant believed that plaintiff was, in fact, Shaprio and treated his early attempts to inform it otherwise with "disbelief and rudeness."  (Complt. ¶ 14.) Additionally,

The legislative history of the FDCPA supports this reading . . . .  As noted by House

_____

[4] Although it does not, in its Answer or Memorandum of Law, explicitly allege the § 1692k(c) bona fide error defense, defendant does contend that it relied on information provided to it by the Monsey, New York Post Office in addressing the April 11, 2006 letter. (Def. Mem. Opp. Mot. J. Pldgs. at 4.) Under the circumstances, although we do not address the credibility of defendants Postal Service exhibit, we conclude that defendant has not waived its affirmative defense of bona fide error.  *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1030 (6th Cir. 1992) (bona fide error defense not waived absent showing of prejudice).

Report 95-131:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection effort[s] are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this . . . bill.

H.R. Rep. No. 131, 95th Cong. 1st Sess. 8. It was Congress's intent to protect people other than debtors, such as [plaintiff] who are subject to harassment by debt collectors. *See also* S.Rep. No. 382, 95th Cong. 1st Sess. 4 *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699 (noting one purpose of [FDCPA] is to prevent debt collectors from "dunning the wrong person. . . ."); H.R. Rep No. 1202, 94th Cong. 2d Sess. 5 ("Certainly a person who has a common name and is being hounded by a debt collector because of the debts of another person deserves the protection this legislation will offer.").

*Dutton v. Wolhar*, 809 F. Supp. 1130, 1134-35 (D. Del. 1992). Thus, because plaintiff was "allegedly obligated to pay [a] debt" that defendant sought to collect, he was a consumer within the meaning of the FDCPA and, accordingly, entitled to protection under § 1692c(a)(2).

Nevertheless, 15 U.S.C. § 1692k(c), the bona fide error provision, may apply in this instance as well, for, as previously stated, defendant has alleged that it verified Shaprio's address with the local United States Post Office prior to sending the April 11, 2006 letter and summons. Although, as stated previously, we express no opinion on the credibility of defendant's purported Postal Service exhibit, in the absence of discovery, we are unable to conclude that the instant violation did not "[result] from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *See* 15 U.S.C. § 1692k(c).

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiff Samuel Shapiro for judgment on the

pleadings is denied.

SO ORDERED.

Dated: White Plains, New York
        March 28, 2006 7

                                          *William C. Conner*
                                    Sr. United States District Judge

9